NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3819
_____

SUPERMEDIA, f/k/a Idearc Media LLC f/k/a Idearc Media Corp.
f/k/a Verizon Directories Corp.


v.


AFFORDABLE ELECTRIC, INC.
District Court No. 2-12-cv-02329
_____

SUPERMEDIA, f/k/a Idearc Media LLC f/k/a Idearc Media Corp.
f/k/a Verizon Directories Corp.


v.


MARTIN MORLEY, an Individual
District Court No. 2-13-cv-00176


Affordable Electric Inc.; Martin Morley,
Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Nos. 2-12-cv-02329 and 2-13-cv-00176)
District Judge:  Honorable Stewart Dalzell
_____

Submitted Under Third Circuit LAR 34.1(a)
April 8, 2014

Before:   AMBRO, JORDAN and ROTH, *Circuit Judges*.

(Filed: April 30, 2014)

_____

OPINION
_____

JORDAN, *Circuit Judge*.

Affordable Electric, Inc. ("AEI"), and its corporate officer, Martin Morley (together, "Appellants"), appeal the denial by the United States District Court for the Eastern District of Pennsylvania of Morley's motion to compel arbitration, which AEI joined. We agree with the District Court that Appellants waived any right to compel arbitration, and we therefore affirm.

## I.    Background

On April 30, 2012, SuperMedia L.L.C. ("SuperMedia"), an advertising agency, filed one of the two lawsuits involved in this appeal, Civil Action No. 12-2329. It sought to recover damages from AEI for an alleged breach of contract, namely AEI's alleged failure to pay for advertising services that SuperMedia provided. The contract was executed by Morley, who SuperMedia says "held himself out … as the 'owner' and/or 'President' of AEI" with the "authority to bind AEI to contracts with SuperMedia." (Appellee's Br. at 2 (quoting App. at 44a).) After the Court denied AEI's motion to dismiss, AEI answered the Complaint and alleged as a defense that Morley had no authority to bind it to the contract. Notably, AEI did not mention the contract's arbitration provision in its answer or cite it as an affirmative defense. *See* No. 12-2329, AEI Answer, ECF No. 18. The District Court then set March 1, 2013, as the deadline for submission of written discovery. No. 12-2329, Order, Jan. 7, 2013, ECF No. 21. After

2

exchanging interrogatories, both parties filed motions to strike interrogatory objections and compel interrogatory answers. Each also filed their responses to those motions.

Meanwhile, SuperMedia brought a second action, Civil Action No. 13-176, against Morley in the same court, this time for breach of warranty based on the representations he made in forming the advertising contract. The Court consolidated the two proceedings. After SuperMedia and AEI filed their discovery motions and responses, Morley filed a motion to dismiss, which included a motion to compel arbitration. He also argued that SuperMedia had failed to sufficiently allege fraud and negligent misrepresentation and that those claims were time-barred under Texas law. In a footnote in his motion, Morley stated that AEI joined him in seeking to compel arbitration of SuperMedia's claims. Morley also characterized the motion as "a motion for judgment on the pleadings, which AEI requests." (App. at 68a n.2.) AEI filed nothing to dispute Morley's claims about its legal positions.

The District Court subsequently disposed of SuperMedia's and AEI's various discovery requests and Morley's motion to dismiss and compel arbitration in a single order. Relevant here, it denied Morley's motion to dismiss. Although it did not address his arguments concerning the sufficiency of the pleadings, it ruled on the statute-of-limitations issue that he had raised. It also denied the motion to compel arbitration, finding that arbitration was barred because "Morley and AEI have been vigorous litigants, participants in discovery by serving Interrogatories and Document Requests on SuperMedia as well as objecting broadly and voluminously to SuperMedia's discovery requests." (App. at 12a.) Morley and AEI have timely appealed that order.

3

## II.  Discussion[1]

SuperMedia argues that Appellants waived arbitration,[2] and Appellants of course argue they did not.[3]  "Consistent with the strong preference for arbitration in federal courts, waiver is not to be lightly inferred, and waiver will normally be found only where the demand for arbitration came long after the suit commenced and when both parties had engaged in extensive discovery." *Nino v. Jewelry Exch., Inc.*, 609 F.3d 191, 208 (3d Cir. 2010) (quoting *PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1068–69 (3d Cir. 1995)) (internal quotation marks omitted).  Under that principle, the parties rely on our non-exclusive list of factors, known as the *Hoxworth* factors, to determine whether prejudice,

---

[1] The District Court had subject matter jurisdiction under 28 U.S.C. § 1332.  We exercise jurisdiction pursuant to 9 U.S.C. § 16(a) as the appeal is from a denial of a motion to compel arbitration.  "We … exercise plenary review over the District Court's determination of whether [Appellants], through [their] litigation conduct, waived [their] right to compel arbitration." *Nino v. Jewelry Exch., Inc.*, 609 F.3d 191, 200 (3d Cir. 2010).

Appellants also appeal the District Court's denial of Morley's motion to dismiss, which AEI joined.  Because the portion of the order that disposed of their failure-to-state-a-claim and statute-of-limitations arguments is not ripe for interlocutory appeal – it has nothing to do with the issue of arbitration – we do not have pendent appellate jurisdiction to consider it. *See E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 204 (3d Cir. 2001) ("Where … [the unappealable order] is not 'interrelated' or 'intertwined' with the merits of the immediately appealable order, Courts of Appeals exercise restraint and forego review until the unrelated issue is appealable in its own right.").

[2] SuperMedia also contends that Appellants are not entitled to invoke the arbitration provision because Morley was not a party to the contract and because the provision exempts collection claims from arbitration.  Because we determine, as discussed below, that Appellants waived any alleged right to arbitration under the provision, we need not review the provision itself.

[3] Appellants also argue that the District Court and SuperMedia were estopped from, respectively, denying and opposing the motion to compel arbitration.  We summarily reject those arguments as meritless.

the "touchstone" for evaluating an asserted waiver of the right to compel arbitration, exists. *Hoxworth v. Blinder, Robinson, & Co.*, 980 F.2d 912, 926-27 (3d Cir. 1992). Those factors are (1) the timeliness of the motion to compel arbitration; (2) "the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims"; (3) whether the moving party provided sufficient notice to the nonmoving party of its "intention to seek arbitration"; (4) the extent of the moving party's "non-merits motion practice"; (5) whether the moving party has assented to the court's pretrial orders; and (6) the degree of discovery engaged in by the parties. *Id.* (citations omitted).

We need not discuss all of the factors to explain that Appellants have waived any right to arbitration. Regarding AEI, it waited more than 11 months from the Complaint's filing to say anything about arbitration – around the same amount of time as the period at issue in *Hoxworth*, in which we found waiver to apply. *See id*. at 925-26. Furthermore, AEI had already tested the merits of SuperMedia's Complaint in its own motion to dismiss and had failed at that time to raise the issue of arbitration. Also, AEI never notified SuperMedia of its intent to request arbitration. Just as it failed to mention the issue in its motion to dismiss, it did not cite the arbitration provision or mention the matter at all in its answer to the Complaint. In fact, AEI's request is a change in its litigation position; it challenged the enforceability of the arbitration provision in a related state-court proceeding that included SuperMedia's pre-bankruptcy entity, Idearc Media L.L.C. ("Idearc"). The Bucks County Court of Common Pleas docket indicates that AEI's assertion may have played a role in the state court judge's determination denying

5

Idearc's motion to compel arbitration.[4]  Attempting to invoke the arbitration provision after arguing that it is without effect would certainly qualify as a surprise tactic.[5]  Finally, as the District Court noted, AEI has been a "vigorous litigant[]" in the underlying proceeding, engaging in significant discovery activity prior to joining Morley's motion. (App. at 11a.)  AEI points to nothing of significance to rebut those considerations weighing for waiver.  Therefore, it has waived arbitration under the contract.

Morley's case is a closer call – unlike AEI, he filed his motion to compel arbitration just over two months after the filing of the Complaint.  He also did not engage in significant discovery.  But an application of the factors to his litigation activities also points to waiver, for three reasons.  First, Morley, along with AEI, elected to engage in litigation on the merits by filing a third-party complaint against SuperMedia and two of its employees.  Morley filed that complaint prior to filing his motion to compel arbitration and even replied to the third-party answer.  Second, in his reply to the third-party answer, Morley expressly "denied there is a contract and/or that there is any binding agreement or term of the Third Party Plaintiff to arbitrate disputes."  (Supp. App. at 193.)  As with AEI's change of position, Morley's midstream about-face on the applicability of a contracted-for arbitration provision supports the conclusion that he provided no notice to SuperMedia that he intended to seek arbitration.  Third, Morley

---

[4] Neither party included in the record the state court order denying Idearc's motion to compel arbitration; SuperMedia only provided the docket.

[5] Although likely relevant, we need not determine whether Appellants are judicially estopped from arguing that they are entitled to arbitration under the provision because we affirm the District Court's order on the grounds upon which that Court relied.

6

complied with pretrial orders, including participation in the pretrial conference and acquiescence in the consolidation of the two cases, types of activities that are "inconsistent[] with an intent to arbitrate." *Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 460 (3d Cir. 2011). The factors thus weigh in favor of applying waiver to Morley, and the District Court did not err in doing so.

## III.    Conclusion

Accordingly, we will affirm that portion of the District Court's order denying the motion to compel arbitration.